**IN THE UNITED STATES DISTRICT COURT**
**FOR THE  NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**ARMANDO CARDON CORTEZ,**
**Plaintiff,**


**v.**                                                                       **CIVIL ACTION NO. 5:19cv197**
                                                                             **(Judge Bailey)**


**CANAAN USP, Warden,**
**HAZELTON USP, Warden,**
**GILMER FCI, Warden,**
                    **Defendants.**


**REPORT AND RECOMMENDATION**

**I.        INTRODUCTION**

On June 17, 2019, the *pro se* Plaintiff, an inmate at Gilmer FCI, in Glenville, West Virginia, filed the above-styled action petition pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983, and authorized suits against federal employees in their individual capacities.  ECF No. 1. This matter is assigned to the Honorable Frederick P. Stamp, Jr., United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of a proposed disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**II.  The Complaint**

The Plaintiff asserts two claims for relief: (1) that Defendants implanted technology in his head in violation of his Fourth Amendment rights; and (2) that Defendants violated Plaintiff's rights Eighth Amendment rights against cruel and unusual punishment by implanting technology which "attack[s] [him] 24 hours [a] day".  ECF No. 1 at 12-13.  The Plaintiff further claims that his thoughts are being transmitted through the radio to officials

and the Defendants threw away two of his teeth which contained the implanted technology.  Id. at 16.  The Plaintiff further alleges that the "technology" is in his head, eyes, legs and genitals and moves his eyes and controls his arms and legs without force, Id. at 5. The Plaintiff seeks "compensatory money", an order "to take me the technology" and his freedom.  Id. at 23.

### III.  LEGAL STANDARD

Because the Plaintiff is a prisoner seeking redress from the Government, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

Section 1915(d)[1] is designed largely to discourage the filing

---

[1]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or

of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

## IV.  Analysis

Of the factual claims that are a basis for frivolity dismissal under § 1915A "are claims describing fantastic or delusional scenarios with which federal judges are all too familiar." Neitzke , 490 U.S. at 328 . The instant claims are clearly classified as such, and the Plaintiff should not be allowed to waste judicial time and resources in a vain attempt to make sense of such outlandish claims

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITH  PREJUDICE**, upon a finding that the Plaintiff's claims are frivolous.  It is further **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] and his motion for appointment of a lawyer [ECF No. 5] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written**

---

malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 20, 2019

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE