IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARMANDO CARDON CORTEZ,

    Plaintiff,

v.                                          Civil Action No. 5:19CV197
                                                            (STAMP)[1]

CANAAN USP, Warden,
HAZELTON USP, Warden,
GILMER FCI, Warden

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PLAINTIFF'S OBJECTION**

I.   Procedural History

The pro se[2] plaintiff, Armando Cardon Cortez, filed this civil action asserting claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). ECF No. 1. Plaintiff is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia. In his complaint, plaintiff asserts that defendants implanted technology in his head in violation of his Fourth Amendment rights and that defendants violated plaintiff's Eighth Amendment rights against cruel and unusual punishment by implanting

---

[1]This Court notes that the report and recommendation erroneously indicates "(Judge Bailey)" in the case caption. However, this Court finds that this matter is properly before the undersigned judge assigned to this civil action.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

technology which "attack[s] [him] 24 hours [a] day." Id. at 12-13. The plaintiff further claims that his thoughts are being transmitted through the radio to officials and that the defendants threw away two of his teeth which contained the implanted technology. Id. at 16. The plaintiff further alleges that the "technology" is in his head, eyes, legs and genitals and moves his eyes and controls his arms and legs without force. Id. at 5. For relief, plaintiff seeks "compensatory money," an order "to take me the technology" and his freedom. Id. at 23.

The action was referred to United States Magistrate Judge James P. Mazzone for submission of a proposed disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation recommending that the complaint be dismissed with prejudice upon a finding that the plaintiff's claims are frivolous. ECF No. 7. The magistrate judge further recommended that the plaintiff's motion to proceed in forma pauperis (ECF No. 2) and motion for appointment of a lawyer (ECF No. 5) be terminated as moot. Id. at 3. The magistrate judge informed the plaintiff that if he objected to any portion of the report and recommendation, he was required to file specific written objections within 14 days after being served with copies of the report and recommendation. Id. The plaintiff then filed a single, general objection. ECF No. 10.

2

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed an objection to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the plaintiff objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Because the plaintiff did not file specific objections to the magistrate judge's report and recommendation, all findings and recommendations of the magistrate judge will be upheld unless they are "clearly erroneous or contrary to law." Upon review of the report and recommendation, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation to dismiss the complaint with prejudice as frivolous and deny the pending motions to proceed in forma pauperis and appoint counsel as moot.

As stated above, this Court finds that although the plaintiff did file an objection to the magistrate judge's report and recommendation (ECF No. 10), the objection was a vague and general statement in which plaintiff asserts that he objects to the report and recommendation "[b]ecause the evidence that plaintiff presented is clearly." ECF No. 10. In reviewing the record, the report and recommendation, and the plaintiff's "objection," this Court finds that the objection is without merit.

In the report and recommendation, the magistrate judge correctly stated that a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, the magistrate judge properly determined that the plaintiff's complaint is subject to dismissal with prejudice because it is indisputably meritless. ECF No. 7 at 3.

As to plaintiff's general and incomplete objection, this Court finds that plaintiff has failed to make specific objections to the report and recommendation, and that this Court has conducted an appropriate de novo review of the plaintiff's objection to the report and recommendation. Thus, this Court upholds the magistrate judge's recommendation and overrules the plaintiff's objection.

IV.  Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 7) is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, plaintiff's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE, and the motions to proceed in forma pauperis (ECF No. 2) and motion to appoint counsel (ECF No. 5) are DENIED AS MOOT.  Plaintiff's objection (ECF No. 10) is OVERRULED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 25, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE